IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEVEN HINES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )     Case No. CIV-25-866-PRW |
| | ) |
| WARDEN, FTC Oklahoma City, | ) |
| | ) |
| Respondent(s). | ) |

## REPORT AND RECOMMENDATION

Petitioner a federal prisoner appearing through counsel, brings this action pursuant to 28 U.S.C. § 2241, seeking a writ of habeas corpus. (ECF No. 2). United States District Judge Patrick R. Wyrick has referred this matter to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C). The record does not indicate if Petitioner has paid the $5.00 filing fee, nor has he requested to appear *in forma pauperis*.

Petitioner originally filed his petition in the United States District Court for the Eastern District of Texas, but that court transferred the matter to this Court, because Petitioner was housed at the Federal Transfer Center (FTC) in Oklahoma City, Oklahoma on the date of the filing. Petitioner was at the FTC for a total of 15 days. *See* ECF Nos. 6 and 7:1. Petitioner is now housed at FMC Ft Worth in Texas.[1] Sole venue for a 28 U.S.C.

---

[1] Petitioner's incarceration status is confirmed by the Bureau of Prison's inmate locater. Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (BOP Register #22239-009) (last visited August 21, 2025).

§ 2241 habeas corpus petition is the judicial district where petitioner is held. When a case is filed in the wrong district, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district in which it could have been brought." 28 U.S.C. § 1406(a). The undersigned recommends that this Court transfer the action to the United States District Court for the Northern District of Texas.

I.   **TRANSFER OF THE PETITON**

"A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Haugh v. Booker*, 210 F.3d 1147, 1149 (10th Cir. 2000) (citation omitted).

Here, Petitioner is incarcerated at the FCI Ft. Worth, Texas. (ECF No. 6 and 7). A facility located within the territorial jurisdiction of the Northern District of Texas. *See* 28 U.S.C. § 124(a)(2). Consequently, this Court lacks jurisdiction over his petition. *See Haugh*, 210 F.3d at 1149 (10th Cir. 2000). Nonetheless, "[j]urisdictional defects that arise when a suit is filed in the wrong federal district may be cured by transfer under the federal transfer statute, 28 U.S.C. § 1631, which requires a court to transfer such an action if the transfer is in the interest of justice." *See Haugh*, 210 F.3d at 1150 (citation and internal quotation marks omitted). It is within this court's discretion to determine whether to transfer an action or instead to dismiss the action without prejudice. *See Trujillo v. Williams*, 465 F.3d 1210, 1222-23 (10th Cir. 2006). "Sole venue for a 28 U.S.C. § 2241 habeas corpus petition is the judicial district where petitioner is held." *Gomez v. Yazoo City USP*, No. CIV-24-600-D, 2024 WL 3514775 (W.D. Okla. June 20, 2024), adopted, No.

CIV-24-600-D, 2024 WL 3513819 (W.D. Okla. July 23, 2024). And "[j]urisdiction over § 2241 petitions 'lies in only one district: the district of confinement.'" *Al-Pine v. Richerson*, 763 F. App'x 717, 720 (10th Cir. 2019) (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004)).

In the Petition, Mr. Hines moves this Court to grant retroactive federal time credit for periods during which he was held in Texas state custody under a federal detainer and subsequently transferred between state and federal custody. Further stating that Mr. Hines has served a total of 19 months and 11 days in state detention due to this detainer, asserting that this time should be credited toward his federal sentence. *See* ECF No. 2:1. Petitioner requests that the Bureau of Prisons be instructed to adjust his sentence calculation accordingly and credit the time served as detailed within his petition. No issue mitigates against the transfer of this matter to the appropriate judicial district for disposition.

## II. RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

For these reasons, the undersigned recommends that the interest of justice warrants the transfer of this matter to the United States District Court for the Northern District of Texas. Payment of the filing fee if not already resolved should be addressed by the receiving Court.

Petitioner is hereby advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by **September 4, 2025**. *See* 28 U.S.C. § 636(b)(1); and Fed. R. Civ. P.

72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

**III.   STATUS OF THE REFERRAL**

This Report and Recommendation terminates the referral.

ENTERED on August 21, 2025.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE